UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JONATHAN PETERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00191-TWP-MPB |
| | ) | |
| CB&I CONSTRUCTION SERVICES, LLC, | ) | |
| CB&I LLC, | ) | |
| CB&I STONE AND WEBSTER | ) | |
| CONSTRUCTION, INC., and | ) | |
| CB&I STONE & WEBSTER, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON JURISDICTION

It has come to the Court's attention that Defendants' Notice of Removal fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Notice of Removal alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Notice of Removal fails to sufficiently allege the citizenship of the parties. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). Furthermore, jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value," and a statement made "'to the best of my knowledge and belief' is insufficient" to invoke diversity jurisdiction "because it says nothing about citizenship");

*Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

The citizenship of a corporation is "both the state of incorporation and the state in which the corporation has its principal place of business." *Westfield Ins. Co. v. Kuhns*, 2011 U.S. Dist. LEXIS 138262, at *3 (S.D. Ind. Nov. 30, 2011). Thus, the complaint or notice of removal must allege both the state of incorporation and the state of the party's principal place of business. *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 578 n.13 (7th Cir. 1982).

Additionally, "[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.*

The Defendants' Notice of Removal alleges:

> 8. Upon information and belief, Peterman was, at all times relevant, a citizen and resident of the State of Indiana. Defendants CB&I Stone and Webster Construction, Inc. and CB&I Stone & Webster, Inc. were sold to Westinghouse Electric Company, LLC in December 2015. Defendant CB&I Construction Services, LLC was sold to a private equity firm in June 2017. Defendant CB&I LLC is a Texas Limited Liability Company with its principal place of business located at 2103 Research Forest Drive, The Woodlands, Texas 77380.
>
> 9. Furthermore, CB&I Holdco, LLC is the sole member of CB&I, LLC. CB&I Holdco, LLC is a Louisiana entity with a principal place of business in The Woodlands, Texas. The sole member of CB&I Holdco, LLC is Shaw Group, Inc., which is a Louisiana entity with a principal place of business in Baton Rouge, Louisiana.

([Filing No. 1 at 2](#)–3 (internal citations omitted).)

These jurisdictional allegations establish the citizenship of Defendant CB&I LLC but fail to sufficiently allege the citizenship of any of the other parties. The allegation made "upon

information and belief" is not sufficient to show the Plaintiff's citizenship, and the allegations concerning the incorporated Defendants fail to allege the state of incorporation and the state of their principal place of business. There are no allegations concerning the members and their citizenship for Defendant CB&I Construction Services, LLC. Thus, the Court is not in a position to determine whether diversity jurisdiction exists.

Therefore, the Defendants are **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the citizenship of each of the parties. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED.**

Date: 1/30/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Whitney A. Caldwell
LITTLER MENDELSON, P.C.
wcaldwell@littler.com

Heather R. Falks
STEWART & STEWART
heatherf@getstewart.com

Brian Lee Mosby
LITTLER MENDELSON, P.C.
bmosby@littler.com

David W. Stewart
STEWART & STEWART
DWS@getstewart.com